**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN LOPEZ-RODRIGUEZ, | No. 19-72949 |
| Petitioner, | Agency No. A206-471-427 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021<sup>**</sup>
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and CARDONE,<sup>***</sup> District Judge.

Edwin Erwin Lopez-Rodriguez, a native and citizen of El Salvador, petitions

for review of a Board of Immigration Appeals (BIA) order affirming the order of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

the immigration judge (IJ) denying his request for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Although we have jurisdiction to review final orders of removal, 8 U.S.C. § 1252(a), our jurisdiction extends only to claims that have been exhausted before the BIA, 8 U.S.C. § 1252(d)(1). Because Lopez-Rodriguez failed to exhaust his claims, we lack jurisdiction and dismiss the petition.

1.     Lopez-Rodriguez has forfeited his asylum and withholding of removal claims. The IJ denied those claims on a number of alternative grounds, including that Lopez-Rodriguez's proposed social group was not cognizable and he had failed to establish a nexus between the claimed persecution and the social group. In this Court, Lopez-Rodriguez challenges the IJ's cognizability finding but does not contest the nexus determination. A lack of nexus is dispositive for asylum and withholding of removal claims. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Lopez-Rodriguez has thus forfeited his asylum and withholding of removal claims by failing to challenge the dispositive nexus finding here. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

2.     Lopez-Rodriguez failed to exhaust his CAT claim before the BIA. The IJ denied protection under CAT because Lopez-Rodriguez had failed to testify credibly, did not proffer other evidence demonstrating a particularized risk of

2

future torture, and failed to establish government acquiescence to any torture. Before the BIA, Lopez-Rodriguez asserted only that the government was unable or unwilling to protect him from torture, and the BIA found that he "d[id] not meaningfully dispute" the IJ's factual findings or legal conclusions. Lopez-Rodriguez's general allegations were insufficient to exhaust his CAT claim before the BIA. *See Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011). We thus lack jurisdiction to review Lopez-Rodriguez's unexhausted CAT claim.

**PETITION DISMISSED.**